# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLIONS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 20 CR 833 |
| | ) | |
| CHRISTOPHER D. JOHNSON | ) | Judge Joan Humphrey Lefkow |
| | ) | |

## PLEA DECLARATION

1. This Plea Declaration made by Defendant, CHRISTOPHER D. JOHNSON, and brought by his attorneys, The Law Office of C.N. Norris, LLC., is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The Defendant, CHRISTOPHER D. JOHNSON, acknowledges and states the following:

### Charge in This Case

2. The indictment in this case charges the defendant with possession of ammunition as a felon, in violation of Title 18, United States Code, Section 922(g).

3. Defendant has read the charges against him contained in the indictment, and that charge has been fully explained to him by his attorney.

4. Defendant fully understands the nature of the elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Declaration, defendant agrees to enter a voluntary plea of guilty to the indictment, which charges defendant with possess of ammunition as a felon in violation of Title 18, United States Code, Section 922(g).

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts

establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guidelines § 1B1.3:

On or about April 26, 2020, at Markham, in the Northern District of Illinois, Eastern Division, the Defendant, CHRISTOPHER D. JOHNSON, knowing that he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in an affecting interstate commerce, ammunition, namely eight .40 caliber cartridges bearing the headstamp R – P 40 S&W, which ammunition had traveled in interstate commerce prior to defendant's possession of the ammunition, in violation of Title 18 United States Code, Section 922(g)(1).

Specifically, on April 26, 2020, at approximately 9:55 p.m., the Defendant was driving in Markham in a blue Porsche SUV. He encountered two women in the area of 160th Street and Homan Ave. He pulled the car next to them and asked if they wanted a ride. The women went decline and went into a nearby residence. Shortly after a male exited said residence, and approached the defendant's vehicle, and spoke with the defendant for a short time. The defendant drove away after speaking with the male.

At approximately 10:46 p.m., Markham police officer observed a blue Porsche SUV parked at gas station two blocks away from the intersection where the two women had encountered the Defendant. The officers observed a handgun on the defendant's lap. The officers recovered the loaded gun, which contained a magazine with seven rounds of ammunition and an additional round in the chamber.

The eight .40 caliber cartridges bore the headstamp R – P 40 S&W. The ammunition had been manufactured in Arkansas and had traveled across state lines prior to defendant's possession of the ammunition.

At the time of defendant's possession of the ammunition, defendant knew that he had two prior felony convictions, for aggravated DUI and obstruction of justice, and that he had previously been sentenced to 18 months' imprisonment for aggravated DUI.

7. Defendant understands the charge to which he is pleading guilty carries the following statutory penalties:

   a. A maximum sentence of 10 years' imprisonment. This offense carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

   b. Pursuant to Title 18, Unites States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

8. Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines range, and other sentencing factors under 18 U.S.C. § 3553(a), which included: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, Defendant puts forward the the following points:

a. **Applicable Guideline**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statement regarding the calculations of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2018 Guidelines Manual.

b. **Offense Level Calculations**

i. The base level is 14, pursuant to Guideline § 2K2.1(a)(6)(A), because defendant was a prohibited person at the time he possessed the ammunition. It is the government's position that the base level is 33.

ii. The Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guidelines § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy the fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iii. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of

responsibility, the government will move for an additional one-level reduction in the offense level.

      c.    **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 6 and defendant's criminal history category is III:

      i.    On or about April 20, 2016, defendant was sentenced to 12 months' conditional discharge following his conviction for contempt of court in the Circuit Court of McDonough County, Illinois. Pursuant to Guidelines § 4A1.2(c)(1)(A), defendant receives no points for this sentence.

      ii.    On or about May 26, 2016, defendant was sentenced to 18 months' imprisonment and one year of supervised release following his conviction for aggravated DUI in the Circuit Court of Cook County, Illinois. Pursuant to Guidelines § 4A1.1(a), defendant receives three points for this sentence.

      iii.    On or about May 23, 2018, defendant was sentenced to 24 months' probation following his convictions for DUI and obstruction of justice in the Circuit Court of Will County, Illinois. Pursuant to Guidelines § 4A1.1(c), defendant receives on point for this sentence.

      iv.    Defendant committed the instant offense while under a criminal justice sentence, namely, the sentence of probation identified in paragraph 9(c)(iii), above. Pursuant to Guidelines § 4A1.1(d), defendant receives two additional points.

      d.    **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known, the anticipated offense range is 12, which, when combined with the

anticipated criminal history category of III, results in an advisory guidelines imprisonment range of 15 to 21 months' imprisonment.

    e. Defendant and his attorney acknowledges that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that the government has concluded that different or additional guidelines provisions apply in this case. Defendant understand that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that he Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officers of the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

  10. Both parties expressly acknowledge that this plea declaration is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office of the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this declaration will not be effect by such corrections, and defendant shall not have a right to withdraw his plea, on the basis of such corrections.

### Trial Rights and Appellate Rights

  11. Mr. Johnson understands that by pleading guilty he surrenders certain rights, including the following:

    a. If he persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury or a trial by the judge

sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt, and that it was to consider each count of the indictment separately.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of defendant's guilty beyond a reasonable doubt.

   d. At a trial, whether by a jury or a judge, the government would be required to present its witness and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove his innocence. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

e. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

12. Mr. Johnson understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty, Mr. Johnson admits he is guilty and agrees that he should be found guilty. Mr. Johnson's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Johnson further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of his plea of guilty of the sentence.

13. Mr. Johnson understands that the United States Attorney's Office will fully apprise the Court and the Probation Office of the nature, scope, and extent of his conduct regarding the charges against him, and related matters, including matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Johnson further understands that he will be able to present evidence in mitigation at the time of sentencing.

14. Mr. Johnson understands that at the time of sentencing, the government and Mr. Johnson will be free to make their respective recommendations to the Court.

15. Should this Court refuse to accept Mr. Johnson's plea of guilty, this Plea Declaration shall become null and void and he will not be bound hereto. It is the defense's position that, should the Court reject his plea, Mr. Johnson withdraw his plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Additionally, pursuant to Rule 11 and Federal Rules of Evidence 410, this Plea Declaration and ensuing court proceedings are inadmissible in later court proceedings.

16. Mr. Johnson agrees that this Plea Declaration, if accepted, shall be filed and become part of the record of his case.

17. Mr. Johnson and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Johnson further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this __7th__ day of __September__, 2021

_/s/ Christopher Johnson_

Christopher Johnson, Defendant

By: /s/Evan Finneke
One of Defendant's Attorneys
The Law Office of C.N. Norris
900 W. Jackson Blvd., Ste. 7E
Chicago, IL 60607