# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 20 CR 833 |
| v. | ) | |
| | ) | Judge Joan Humphrey Lefkow |
| CHRISTOPHER JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER JOHNSON'S SENTENCING MEMORANDUM

NOW COMES the Defendant, CHRISTOPHER JOHNSON, by and through his attorneys, THE LAW OFFICE OF CIERRA NORRIS, LLC., and respectfully requests pursuant to 18 U.S.C. § 3553(a), and *United States v. Booker*, 543 U.S. 220 (2005) and its progeny, that this Court set Mr. Johnson's total offense level at 12, a Criminal History category III and sentence Mr. Johnson to a term range of probation 24 months' probation to 11 months' imprisonment. Mr. Johnson contends that such a sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing and is supported by the circumstances of the offense, Mr. Johnson's personal characteristics and family history, and to specifically deter Mr. Johnson from future criminal conduct.

**I.  Sentencing Request**

Christopher Johnson is a loving father to Chloe Johnson and Chasity Johnson, his daughters, and a full-time care-giver for his niece, who suffers from cerebral palsy. Mr. Johnson provides essential support for his children and niece, and Mrs. Johnson is ashamed and remorseful for his conduct in this case because he knows it has jeopardized his ability to provide this care and support.

At this time, Mr. Johnson wants nothing more than the chance to continue to act as a loving and supportive father, son, and uncle. He wants to put his past behind him and concentrate on his family, his work, and his sobriety. Mr. Johnson accepts responsibility for his actions in this case, specifically, being in possession of a gun/ammo when he is not allowed, and respectfully requests this honorable court sentence him to a term range of 24 months' probation to 11 months' imprisonment. Such a sentence is sufficient, but not greater than necessary to achieve the goals of §3553(a) under the facts and circumstances of this case.

II. **A SENTENCE RANGE OF 24 MONTHS' PROBATION TO 11 MONTHS' IMPRISONMENT IS SUFFICENT TO ACHIEVE THE PURPOSES OF PUNISHMENT STATED IN 18 U.S.C. §3553(a).**

In *United States v. Booker*, the Supreme Court effectively rendered the United States Sentencing Guidelines (USSG) advisory. 543 U.S. 220 (2005). However, the sentencing court is still required to follow the list of factors enumerated in § 3553(a). In *Rita v. United States*, the Court held that district court judges are required "to 'impose a sentence sufficient, but not greater than necessary, to comply with the basic aims of sentencing in § 3553(a)." 127 S.Ct. at 2469.

Post-*Booker*, the district court should place "no limitation" on the information concerning the background, character, and conduct of a person convicted of an offense. *See* 18 U.S.C. § 3661; *Booker*, 125 S.Ct. at 760. There are several "individual characteristics . . . not ordinarily considered under the Guidelines," but are still "matters that § 3553(a) authorizes the sentencing judge to consider." *Rita*, 127 S.Ct. at 2473 (Stevens, J., concurring). With these principles in mind, we turn to Mr. Johnson's proposed sentence.

1. **The Nature and Circumstance of Mr. Johnson's Case Justify the Requested Sentencing Range – This is an Illegal Gun Case. This is Not a Kidnapping Case.**

Guns are a serious problem on the streets of Chicago. One only has to turn on the evening news. Johnson made the very regrettable decision to possess a firearm after being convicted of a felony. He knew it was wrong, and he takes responsibility for his conduct. This is a gun case, period. And Christopher Johnson has accepted the responsibility for his actions.

As indicated in his plea declaration, Mr. Johnson's anticipated offense level is 12, and his criminal history category is IV. The government has taken a vastly different position, and seeks a sentencing range that would amount to 17 plus years' incarceration, but for statutory maximums. As explained in section III below, Mr. Johnson should be sentenced based on the gun/ammo charge for which he has pled, only, and not sentenced for an attempted kidnapping that did not occur. Looking at the gun charge, the range Defendant seeks is appropriate.

2. **Mr. Johnson's personal history and characteristics warrant a below-guideline sentence.**

As noted above, Christopher is fortunate in that he has the support of a loving family, despite his family have to overcome many adversities including experiencing violent losses too frequently in their lives. Christopher's primary work is that of a full-time care-giver for his niece who suffers from cerebral palsy, and he is a supportive and active father in the lives of his two girls. Despite not living with his children or their mother, Christopher continues to have their support, and he continues to stay in contact with both his children, and their mother on a daily basis for the benefit of all their lives.

Unfortunately, because of such difficult trauma, Christopher's family has a significant history of mental health concerns, and Christopher has continued to struggle with mental health issues, including PTSD, that were diagnosed from a young age (See Probation Office Report, pg 19-22). Christopher continues to treat for mental health to this day, and is prescribe medications in relation to his treatment.

Christopher also acknowledges that he has had difficulty at times in continuing with his programs and medications, and abstaining from using alcohol as a coping mechanism. None of the above personal struggles however have ever resulted in Christopher using violence, and none of these deeply human struggles are criminal.

Because Christopher continues to strive to maintain his mental health, he would benefit from a sentence of probation. This sentence would: (1) give the best chance at getting all the appropriate treatment and support he needs; (2) prevent exposure to incarceration triggers that could negatively affect his mental well-being; and (3) allow him the benefit of his loving family, for which he is so grateful and which is a powerful tool in helping Mr. Johnson make good decisions. In spite of all the difficult loss Christopher has experienced in his life, and personal struggles he continues to fight, Christopher continues to be a positive and good-hearted person, a loving father, and supportive uncle, all of which support the position that Christopher Johnson should receive a below range sentence.

**III.    THE U.S. PROBATION OFFICE AND DEFENDANT AGREE THAT THE U.S.S.G. § 2K2.1(c)(1)(A) ENHANCEMENT, AND ASSOCIATED ENHANCEMENTS, SHOULD NOT APPLY IN THIS CASE.**

Defendant and the government agree that Mr. Johnson illegally possessed a firearm (although the charge is for ammo) on the night in question. Mr. Johnson has accepted

responsibility for this. Both parties disagree however regarding Mr. Johnson's interaction with bystanders on that evening.

The disagreement in what took place on the night of Mr. Johnson's arrest potentially changes his sentencing guideline suggestion from a <u>base offense level of 12, to a base level of 32</u>. This would mean a change in sentencing range from 15 to 21 months' imprisonment, or approximately 1-2 years, to 168 to 210 months' imprisonment, or 14-18 years[1]. Clearly, this is a clearly a significant disagreement, and the government seeks to sentence Mr. Johnson for a crime that did not occur, a crime he has not plead guilty to, and a crime that has not been charged or proven, and this in addition to the actual gun possession (ammo) crime for which he has pled. The government's position seeks a gross misapplication in sentencing, and a shockingly disproportional deprivation of freedom for Mr. Johnson based on the crime charged.

1. **<u>Mr. Johnson Has Absolutely No Violence in His Background. The Suggestion that Mr. Johnson Attempted to Kidnap Two Women on the Evening of His Arrest is a Gross Exaggeration of Events, and Mr. Johnson's Capacity to do Violence. The Government is Not Close to Meeting Any Burden Which Would Warrant a Sentencing Which Contemplates a Kidnapping.</u>**

Mr. Johnson maintains that he has never been accused, arrested, or convicted for acts of violence, and the only reason he was in possession of a fire-arm on that day was for self-protection. Mr. Johnson's conduct on the night of his arrest was in line with an individual worried about his safety in a high crime neighborhood. Many Americans enjoy their Second Amendment rights, whether at home or concealed, and do so for the very purpose of self-defense. In fact, this is commonly understood to be one of the main purposes of the Second Amendment. Mr. Johnson acknowledges that he can no longer possess a firearm, and that he

---

[1] The Government is seeking the statutory maximum 10 years as their calculation of the offense would be greatly in excess of this statutory max.

has lost the Second Amendment right that millions of Americans freely exercise, despite not having a violent past. Mr. Johnson knows his own liberty now depends on not possessing a firearm, despite any fears he should have for his safety or the safety of his family.

Mr. Johnson maintains that at no time did he ever use force or threaten the use of force upon anyone he encountered on the night of his arrest. Mr. Johnson maintains that he has never tried to use violence or force on another person. And, more specifically, Mr. Johnson maintains that he did not use force or threaten to use force against the against two women seen in the government's body-worn-camera ("BWC") footage.

While the government has submitted BWC of the alleged witnesses, there statements were never cross-examined or put to any scrutiny whatsoever. Further, their adverse reaction to Mr. Johnson does not amount to an attempted kidnapping. Further, the government has not obtained any victim impact statements from said witnesses, and has stated that they have not been able to contact the witnesses as of December 16, 2021. Despite not being able to face his accusers, the government continues to seeks sentencing Mr. Johnson for an attempted kidnapping that did not occur. Mr. Johnson possessed a firearm on that night for protection, and not for any purpose related to kidnapping or violence. As such, this Court should find that the enhancements sought by the U.S. Attorney are not applicable under the facts of this case.

2. **Defendant Agrees with the U.S. Probation Office Report's Assessment of the Kidnapping Enhancements.**

The U.S. Probation Office is correct in their position that the specific kidnapping enhancement/s should apply in this case. (Probation Office Report at 7-8). As argued, the Defendant does not have a criminal background that includes violence, let alone any sort of attempted kidnapping. Further, the Probation Office is also correct that there is simply no

evidence in this case that Mr. Johnson ever threatened the alleged witnesses with violence or harm of any kind. Mr. Johnson did not demand the witnesses get in his car. Mr. Johnson did not threaten to hurt anyone. (7-8).

What is far more likely than an attempted kidnapping is the true story: that Mr. Johnson was driving around the neighborhood, foolishly and illegally in possession of a firearm, and was simply turned down by the two witnesses whom he tried to start a conversation with. While this simple error was compounded by his illegal possession of the firearm, Mr. Johnson is not the first, nor the last man to ignorantly think that a "cat-call" from a Porsche would successfully impress a woman. In this instance, Mr. Johnson was clearly mistaken, but he should only be penalized for the crime he committed, and not penalized for an exaggeration of the events. We ask the Court to apply common sense reasoning to the facts of this case, and to find that Mr. Johnson did not try to kidnap any individuals on the night of his arrest. Accordingly, we ask that this Honorable Court find the enhancement does not apply, and apply a sentence below the range for his possession charge only.

## IV.   CONCLUSION

Based on the foregoing, Mr. Johnson respectfully, by and through his attorneys, respectfully requests that this Honorable Court sentence him to a term range of 24 months' probation to 11 months' imprisonment.

Respectfully submitted,

/s/Cierra N. Norris
Cierra N. Norris
Counsel for Christopher Johnson

Cierra N. Norris
Evan Finneke
LAW OFFICES OF C.N. Norris, LLC.
900 W. Jackson Blvd., Suite 6E
Chicago, IL 60607
ARDC: 6325783
(312) 625-6129
E: Cierra@cnnorrislaw.com
E: evan@cnnorrislaw.com